UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JOHN P. ROYSTER, SR.,

                                   **Plaintiff,**

        *- against -*

ELIOT SPITZER, et al.,

                                   **Defendants.**

05 Civ. 6635 (JSR) (LMS)

**REPORT AND
RECOMMENDATION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/28/11

**TO:   THE HONORABLE JED S. RAKOFF
       UNITED STATES DISTRICT JUDGE**

Incarcerated *pro se* Plaintiff John P. Royster, Sr. (herein, "Plaintiff") commenced the

instant prisoner civil rights lawsuit against then-New York State Attorney General Eliot Spitzer

and numerous other New York State Department of Corrections (herein, "DOCS") officials

pursuant to 42 U.S.C. §1983 for alleged violations of his constitutional rights.  See Docket #2,

Complaint (herein, "Comp."); see Docket #41, Amended Complaint (herein, "Am. Comp.").  On

November 9, 2010, this Court submitted a Report and Recommendation to Your Honor

recommending that Defendants' partial motion for summary judgment be granted.  Docket #150,

Report and Recommendation.  Your Honor adopted the R&R on December 6, 2010, and

requested that I "undertake all necessary steps to prepare the case for trial on the only remaining

claim – plaintiff's excessive force claim against Officer Riccione."  Docket #153, Order.  To that

end, Your Honor issued an amended Order of Reference directing me to provide a Report and

Recommendation for all Dispositive Motions, specifically for Plaintiff's current Motion for an

1

Injunction.  Docket #159, Order of Reference.[1]  Plaintiff has filed three different Motions for

Injunctive Relief, basically all referencing the same circumstances.  See Docket #155, 156, 160.

Defendant submitted his opposition on March 8, 2011.  Docket #161, Memorandum of Law in

Opposition.

      For the following reasons, I conclude, and I respectfully recommend that Your Honor

should conclude, that Plaintiff's three Motions for an Injunction should be denied.

## I.   BACKGROUND

A.   Facts

      The underlying facts of the captioned case are not at issue here and therefore they will

not be detailed in this Decision.  The facts at issue are taken from Plaintiff's three Motions and

Defendant's Opposition.  Plaintiff, who is currently incarcerated in Sing Sing Correctional

Facility, alleges that unnamed Department of Corrections employees are "intercepting and

withholding U.S. Mails [sic]," specifically issues of Workers World Reports dated 1/10/11,

1/18/11, 1/24/11, 1/31/11, and 2/7/11.  Docket #155, 156, 160, Motion for Injunction.  Plaintiff

further alleges that he was threatened by a DOCS employee named Carpenter for filing

complaints about the missing mail;[2] that Carpenter harassed Plaintiff verbally; and that Carpenter

came to Plaintiff's cell in the middle of the night and shined a flashlight in Plaintiff's face.

Docket #160, Motion.  Defendant Riccione is nowhere mentioned in any of Plaintiff's three

---

    [1]Pursuant to 28 U.S.C. §636(b)(1)(A), "a judge may designate a magistrate judge to hear
and determine any pretrial matter pending before the court, except a motion for injunctive
relief...."  Thus, this opinion is being issued as a Report and Recommendation.

    [2]This is the only reference to Plaintiff's having filed grievances over these claims.  No
other information has been provided about such purported grievances, or of the result of any
review thereof.

separate motions and has not been stationed at Sing Sing for several years. Docket #161, Defendant's Memorandum of Law, at 1 (herein, "Def's Mem."). The only attenuated connection that Plaintiff's motions appear to have to the instant case is Plaintiff's claim that the interference with his mail is an attempt to "intimidate Plaintiff as a witness and influence the above federal proceedings." Docket #156 at 2. Plaintiff has provided no evidence that he has exhausted his administrative remedies regarding either the alleged interception of mail or Carpenter's alleged actions.

## II.   STANDARD FOR A MOTION FOR INJUNCTIVE RELIEF

"A party seeking a preliminary injunction under Rule 65, Fed. R. Civ. P., is ordinarily required to demonstrate that absent injunctive relief, it will suffer irreparable harm, and that either (a) it is likely to succeed on the merits, or (b) there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in its favor." In re Worldcom, Inc. Securities Litigation, 354 F.Supp.2d 455, 463 (S.D.N.Y. 2005). "To obtain an injunction which alters, rather than maintains, the status quo, a movant must establish a clear or substantial likelihood of success on the merits, as well as irreparable injury." Id. Additionally, this heightened standard applies where a preliminary injunction will grant "substantially all the relief sought" by a plaintiff. Brewer v. W. Irondequoit Central School District, 212 F.3d 738, 744 (2d Cir. 2000)(superseded by statute on other grounds).

## III.   DISCUSSION

As an initial matter, Plaintiff's allegations regarding his mail and his Motion for an Injunction would be more appropriately brought in a separate action as the allegations and motion do not allege any facts which would support the supposition that these alleged actions

have anything to do with either the circumstances or the Defendant in this case.  However, under

Rule 1 of the Federal Rules of Civil Procedure, which requires the Courts to administer "the just,

speedy, and inexpensive determination of every action and proceeding," the undersigned will

recommend that this Court address Plaintiff's motion, in the interests of a swift resolution of the

issues raised therein.

    **A.    Plaintiff has not exhausted his administrative remedies.**

Defendant contends that Plaintiff's Motion for an Injunction should be denied because

Plaintiff has failed to exhaust his administrative remedies.  Def's Mem. at 3-5.  "No action shall

be brought with respect to prison conditions under section 1983 of [Title 42], or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  "A prisoner must

exhaust all administrative remedies regardless of whether the underlying claim arises from

prison conditions, allegations of excessive force, or some other wrong."  Shaw v. City of New

York, No. 08 Civ. 3997(SHS)(JCF), 2009 WL 1110789 at *3 (S.D.N.Y. April 21, 2009).[3]  "The

PLRA's [Prison Litigation Reform Act of 1995] exhaustion requirement also applies to

prisoners' suits whether they are pursuing monetary or injunctive relief...."  Id.

"The regular [Department of Corrections] grievance procedure consists of three tiers."

Hemphill v. New York, 380 F.3d 680, 682 (2d Cir. 2004).  The first step requires an inmate to

file a grievance with the Inmate Grievance Resolution Committee (IGRC).  Id.  Then the IGRC

holds a hearing and issues a decision, which the inmate can appeal to the superintendent of the

facility.  Id.  Finally, the inmate can appeal to the Central Office of Review Committee, which

---

    [3]In the spirit of Local Civil Rule 7.1(c), copies of the opinions with only WestLaw cites
are attached to the copy of this Report and Recommendation which is sent to Petitioner.

must render a decision within twenty working days. Id. In cases of harassment by DOCS personnel, an inmate can follow an expedited complaint procedure which would require the superintendent to conduct an investigation and render a decision within twelve days. Id. at 683.

Plaintiff has failed to provide any evidence to show that he has exhausted the administrative remedies with regard to his claims about mail confiscation and his claims relative to harassment by DOCS employee Carpenter.[4] Thus, Plaintiff's motion is premature and must be denied.

### B.    Plaintiff has failed to show a likelihood of success on the merits.

In order to persuade a Court to grant a preliminary injunction, a plaintiff must show that he or she will likely succeed on the merits of the underlying claim. Worldcom, 354 F.Supp.2d at 463. It is unclear exactly what Federal law Plaintiff brings his claim under but this Court will assume that it is meant to be a complaint regarding Plaintiff's civil rights as protected by 42 U.S.C. §1983. As such, the claim by Plaintiff that he has been deprived of his mail is improper because adequate state remedies are available to obtain redress for such a complaint.

The Supreme Court has held that actions brought under federal law for deprivation of property are not appropriate if there is an "adequate state post deprivation remed[y] available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). "New York State provides such a remedy in Section 9 of the New York Court of Claims Act, which permits an inmate such as [Plaintiff] to pursue his claim for deprivation of property against the State in the Court of Claims." Key v. Tanoury, No. 05 Civ. 10461(SHS), 2006 WL 3208548 at *2 (S.D.N.Y. Nov. 3, 2006); see also Bellezza v. Holland, 730 F.Supp.2d 311, 316 (S.D.N.Y. 2010). Because Plaintiff's claim

---

[4]See footnote 2, supra. Although there is a reference to being threatened as a result of having filed such complaints, no other information has been provided to the Court.

regarding the deprivation of his mail must be brought in the New York State Court of Claims, he cannot show a likelihood of success on the merits in a §1983 action alleging the same conduct. Therefore, Plaintiff's motion in this regard must be dismissed.

Additionally, Plaintiff contends, with no support or explanation, that the actions of DOCS officials in intercepting Plaintiff's mail "are consistent with an unbroken pattern of criminal undertakings conducted by them at every instance of exchange of litigation and judicial process...." Docket #155, Motion, at 3. Even if the Court was to understand this to be a claim of interference with Plaintiff's right of access to the Courts, Plaintiff has produced no evidence that such actions by DOCS officials had any effect at all in limiting his access to the Courts. In fact, the contrary seems to be the case, as Plaintiff has filed three separate motions for injunctive relief since the alleged mail interference began, and he has not alleged that any other effort or intention of his to communicate with the Court has been impacted in any way.

Plaintiff also fails to show a likelihood of success on the merits in a §1983 action with regard to DOCS employee Carpenter's alleged harassment toward Plaintiff. Plaintiff claims that Carpenter verbally harassed him, threatened him, and shined a flashlight in Plaintiff's face. Docket #160, Pl's Motion at 2. Defendant contends that such conduct, even if proven, does not rise to the level sufficient for a §1983 action. Def's Mem. at 6.

"Allegations of threats, verbal harassment or profanity, without any injury or damage, do not state a claim under § 1983." Harris v. Keane, 962 F. Supp. 397, 406 (S.D.N.Y. 1997). Thus, threats, without any subsequent injury, do not constitute an adverse action. See also Bartley v. Collins, No. 95 Civ 10161 (RJH), 2006 WL 1289256 at *6 (S.D.N.Y. May 10, 2006)(prison official's threat to inmate of "we [are] going to get you, you better drop the suit" not an adverse action); Kemp v. LeClaire, No. 03 Civ. 0844 (WMS), 2007 WL 776416 (W.D.N.Y. March 12,

6

2007)(verbal threats that prisoner would be hanged in his cell, that all of the bones in his body
would be broken, that he would be sent to his mother in a black box, and that he would have his
"black ass kicked," absent any physical injury, do not rise to the level of an adverse action).
Additionally, "[p]risoners may be required to tolerate more than public employees, who may be
required to tolerate more than average citizens, before an action taken against them is considered
adverse." Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001)(overruled on other grounds).

        Plaintiff's allegations that Carpenter verbally harassed him and shined a flashlight in
Plaintiff's face are not sufficient to maintain a claim under §1983.  Thus, Plaintiff cannot show a
likelihood of success on the merits of this aspect of his complaint and his motion for an
injunction must be denied.

**IV.     CONCLUSION**

        Because Plaintiff has not exhausted his administrative remedies and has failed to show
that there is a likelihood of success on the merits of his underlying claim, I conclude, and I
respectfully recommend that Your Honor should conclude, that Plaintiff's Motion for an
Injunction should be denied.

**IV.     NOTICE**

        Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties
shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d),
or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written
objections to this Report and Recommendation.  Such objections, if any, shall be filed with the
Clerk of the Court, with extra copies delivered to the chambers of The Honorable Jed S. Rakoff,
at the United States District Court, Southern District of New York, United States Courthouse,
500 Pearl Street, New York, New York, 10007, and to the chambers of the undersigned at the

United States District Court, Southern District of New York, United States Courthouse, 300

Quarropas Street, White Plains, New York 10601.   Failure to file timely objections to this

Report and Recommendation will preclude later appellate review of any order of judgment that

will be entered.

Requests for extensions of time to file objections must be made to Judge Rakoff.


Dated: March 28, 2011
          White Plains, New York


Respectfully Submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Jed S. Rakoff, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

John P. Royster, #89-T-0542
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Judy Prosper
Thomas Biesty
Office of the United States Attorney General
120 Broadway, 24th Floor
New York, NY 10271